UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MACIEL GARCIA,<br><br>             Petitioner,<br><br>     v.<br><br>ATTORNEY GENERAL OF CALIFORNIA, [Doc. 21]<br><br>             Respondent. | 1: 06 CV 0041 OWW  WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On September 9, 2002, in Stanislaus County Superior Court, a jury found Petitioner guilty of the following: attempted murder by intentionally and personally using a firearm (Cal. Penal Code §§ 664/187 & 12022.53(d), count one); assault with a firearm (Penal Code §§ 245(a)(2) &

12022.5(a)(1), count three); assault with a firearm (Penal Code §§ 245(a)(2) & 12022.5(a)(1), count four); assault with a firearm (Penal Code §§ 245(a)(2) & 12022.5(a)(1), count six); and participation in a criminal street gang (Penal Code § 186.22(b)(1)). Additionally, as to count six, the jury found true the allegation that Petitioner personally inflicted great bodily injury (Penal Code § 12022.7(a)). The trial court sentenced Petitioner to a total term of forty-five years to life in state prison on count one, and stayed the sentences imposed on all other counts.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. On May 20, 2004, in an unpublished opinion, the Court of Appeal affirmed the judgment, but remanded the matter to the Superior Court to modify the judgment. The Court of Appeal directed the trial court to modify the judgment "by striking not only the 15-to-life term for attempted, willful, deliberate, and premeditated murder but also the consecutive 10-year criminal street gang enhancement and by substituting a term of life with possibility of parole and a 15-year minimum eligible parole date." Petitioner filed a petition for review with the California Supreme Court. The court denied the petition on September 15, 2004.

Petitioner did not file a state habeas corpus petition.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and

1  convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
2  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
3  1388 (9th Cir. 1997).

## DISCUSSION

5  Respondent moves to dismiss this petition on the ground that it is a mixed petition containing
6  both exhausted and unexhausted claim. Specifically, Respondent claims that while Petitioner's first
7  and second claims were exhausted by being presented to the California Supreme Court in his petition
8  for review, his third claim of ineffective assistance of counsel is unexhausted. Respondent further
9  contends that it would be improper for this court to stay the action to allow Petitioner to exhaust his
10 third claim. Respondent argues that Petitioner has made no attempt to exhaust his state remedies as
11 to claim three before filing in this court

12 A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
13 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
14 exhaustion doctrine is based on comity to the state court and gives the state court the initial
15 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
16 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
17 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

18 A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
19 full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
20 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
21 1996). A federal court will find that the highest state court was given a full and fair opportunity to
22 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
23 basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
24 Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
25 must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
26 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

27 In response to Respondent's motion to dismiss, Petitioner concedes that his third claim is
28 unexhausted, but asks the court to stay this case while he exhausts the claim in state court.

Following the enactment of the AEDPA, the district courts retain their authority to issue stays that are a proper exercise of their discretion. The AEDPA does, however, does circumscribe that discretion. Rhines v. Weber, 544 U.S. 269, 276 (2005). Because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality of state court judgments, the Supreme Court has held that stay and abeyance should be available only in limited circumstances. Id. Recognizing that "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the Supreme Court has held that stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims. Id. at 277. The Court summarized the analysis as follows:

> it likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. Such a petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

Id. at 278.

In this case, the court does not find good cause for Petitioner's failure to exhaust his third claim before filing it in this court. Petitioner explains in his declaration that he did not receive the transcripts of his trial until the second or third month of 2005, and filed the present petition in December 2005. Petitioner states that in the intervening time he was relocated and was without his property, and that lockdowns prevented him from going to the library to learn the relevant law. Although this may constitute good cause for Petitioner's delay in pursuing a habeas corpus remedy in general, it does not explain why Petitioner filed his petition in this court rather than in state court. . See generally, Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause). Although the statute of limitations was close to expiring at the time that Petitioner filed the present petition on December 13, 2005, filing a proper petition for writ of habeas corpus in state court would have tolled the running of the statute. Accordingly, the court does not find a basis for granting Petitioner's request for a stay.

## RECOMMENDATION

As the court must dismiss a habeas petition that contains any unexhausted claims, Rose v.

Lundy, 455 U.S. 510, 522 (1982), the court RECOMMENDS that Respondent's motion be GRANTED and the petition for writ of habeas corpus be DISMISSED.

Petitioner may, at his option, move to withdraw the unexhausted claim within thirty (30) days of the date of service of this Recommendation and proceed with only the exhausted claims. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). However, Petitioner is forewarned that should he choose to go forward with only his currently exhausted claims, any subsequent filings may be barred by the abuse of the writ doctrine. See McCleskey v. Zant, 111 S.Ct. 1454 (1991); see also, Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available grounds for relief in a single petition may be abuse of the writ). If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed.. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995). However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by Title 28 U.S.C. § 2244(d). In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  IT IS SO ORDERED.

3  **Dated:   January 16, 2008**             /s/  **William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE